UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | CRIMINAL NO. 13-00253 (GK) |
| | : | |
| **RODNEY CLASS,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S MOTIONS SEEKING MISCELLANEOUS RELIEF

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files the following response to Defendant Rodney Class' various *pro se* motions seeking miscellaneous relief.

### Factual and Procedural Background

1. On May 30, 2013, defendant Rodney Class was arrested by United States Capitol Police for possessing firearms on Capitol Grounds. Found inside the defendant's vehicle were three loaded firearms as well as multiple knives and axes. The defendant was charged in District of Columbia Superior Court on May 31, 2013, with Carrying a Pistol under D.C. Code § 22-4504(a). After a three day period of detention under D.C. Code § 22-1322(b), the defendant was released from detention on conditions of release including a stay-away order for the District of Columbia.

2. On September 3, 2013, a grand jury indicted the defendant in the United States District Court for the District of Columbia on two charges: Possession of a Firearm on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(1), and Carrying a Pistol (Outside Home or Place of Business), in violation of D.C. Code § 22-4504(a).

1

3. On September 5, 2013, the defendant surrendered to United States Capitol Police, and was arraigned on the indictment before Magistrate Judge Facciola that same day. At the time of arraignment, the government did not oppose the defendant's release, but requested that (1) he be placed in the D.C. Pre-Trial Services' Agency's High Intensity Supervision Program (HISP), (2) that he be monitored using a GPS device, (3) that he be ordered to stay away from U.S. Capitol Grounds, (4) that he be placed on home confinement, and (5) that he be ordered to relinquish possession of any and all weapons.

4. After hearing argument from counsel, Judge Facciola ordered that the defendant be released on personal recognizance, that he be monitored by GPS device, that he report as directed by Pre-Trial Services for the Western District of North Carolina, and that he stay away from the District of Columbia except for court-related matters. Judge Facciola also ordered that the defense produced an inventory of weapons in the defendant's home, but deferred the government's request that he be required to surrender his weapons during the pendency of this case.

5. At a hearing before the Court on September 12, 2013, Judge Wilkins ordered the defendant to remain on GPS monitoring, to surrender any additional weapons to his daughter within 24 hours of the hearing, and to submit the inventory of weapons to the court. A further status date was set.

6. Thereafter, at successive status hearings, the Court excluded time under the Speedy Trial Act in the interest of justice as the defendant conferred with his attorney.

7. On January 3, 2014, the defendant, although still represented by counsel, filed the following *pro se* motion: "Enter my Appearance: Requirement for Motion For In Camera Hearing; 'Corpus Delicti' To Be Produced (Habeas Corpus)." On January 6, 2014, the document

was entered on the docket [Doc. No. 7]. Any response by the government was due within 14 days of the date of service.

8. On January 9, 2014, the government filed an unopposed motion seeking an extension of time in which to respond to the defendant's motion [Doc. No. 8]. Judge Wilkins granted the government's motion on January 10, 2014.

9. On January 17, 2014, the case was transferred from Judge Wilkins to Judge Gladys Kessler.

10. On January 27, 2014, the defendant filed five *pro se* motions [Doc Nos. 10-14]. At a status hearing on February 3, 2013, the government inquired of the Court which motions would require a response. The Court indicated that it wished the government to state its position as to each of the defendant's requests for relief, but that memoranda of law on each point was not necessary. The Court also ordered a competency evaluation of the defendant.

## Argument

11. The government's position with respect to each of the requests for relief is as follows.

**Defendant's January 3, 2014, "Enter my Appearance: Requirement for Motion for In Camera Hearing; 'Corpus Delecti' to Be Produced (Habeas Corpus) [Docket No. 7]**

12. To the extent the defendant requests that the Court hold an *in camera* hearing on his motion, the government opposes. To the extent the defendant requests that the court issue a declaratory judgment on whether the defendant is a human being, the government takes no position. As to the defendant's request that the Court issue a declaratory judgment as to whether it has jurisdiction over the defendant [Defendant's Motion at 9], the government opposes that request because, among other reasons, the Court has jurisdiction over the defendant and a declaratory judgment is not the proper remedy in a criminal case. The government also takes no

3

position on the defendant's apparent request that the Court "define the duties and obligations of [his] appointed lawyer" [Defendant's Motion at 8], but opposes as unnecessary his request that the Court identify the "[c]laims, [r]ights, [d]uties and [i]nterests of rodney-dale: class" [Defendant's Motion at 8].

**Defendant's January 27, 2014, "Entry of Appearance Requirement and wish As a Living man with a (Soul)" [Docket No. 10]**

13. The government construes the above motion as expressing the defendant's wish to represent himself. As to this request, the government takes no position.

**Defendant's January 27, 2014, "Wish and Just Case to Belief and the Requirement of a Waiver for Release for Lawyer A.J. KRAMER" [Docket No. 11]**

14. The government similarly construes the above motion as expressing the defendant's wish to represent himself. As to this request, the government takes no position.

**Defendant's January 27, 2014, "Wish for Declaratory Judgment" [Docket No. 12]**

15. The government construes defendant's filing as requesting the following relief: a declaratory judgment that Rodney Class is a "living man and a real man" [Defendant's Motion at 4]; a declaratory judgment defining "who or what is being charged before this court" [Defendant's Motion at 7]; a declaratory judgment clarifying "the living soul of a man called by his Christian name Rodney Dale Class" [Defendant's Motion at 9]; a declaratory judgment establishing the court's jurisdiction over "Rodney-dale; class, the living flesh and blood man" [Defendant's Motion at 10]; a declaratory judgment to "clarify the district court's remedy" under various laws [Defendant's Motion at 10]; a declaratory judgment to "clarify the district court's remedy and damages due for the living flesh and blood man Rodney-dale; class" [Defendant's Motion at 10]; a ruling from the Court dismissing the instant case with prejudice [Defendant's Motion at 15]. The government takes no position on the defendant's request that the Court

4

identify the defendant as a living human being, but otherwise opposes his requests as unnecessary or improper.

**Defendant's January 27, 2014, "Requirement and wish Declaratory judgment for resurrection of the flesh and blood man with a soul to be made whole"**

16. The government construes the defendant's filing to request a declaratory judgment from the Court that the defendant is alive. The government takes no position on the defendant's request.

**Defendant's January 27, 2014, "In Camera Hearing 'Corpus Delicti'"**

17. The defendant's motion seems to request that various entities be named as parties in the instant court action, and requests dismissal for "any willful failure" to "name all parties I this action." The government opposes these requests, as no changes to the indictment are warranted [Defendant's Motion at 4-5].

18. The defendant's motion also requests a dismissal with prejudice, which the government opposes [Defendant's Motion at 5]. The government also opposes the defendant's request for a "full federal investigation of misconduct" involving the undersigned [Defendant's Motion at 5].

19. The defendant next requests that his conditions of release be lifted, that his property be returned, and that he be paid restitution by various parties in various amounts [Defendant's Motion at 6]. The government opposes these requests.

20. The government opposes any request by the defendant to dismiss the case because the defendant is not a person, or on the grounds that he is not properly charged.

Respectfully Submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
BAR NO. 447-889

By: \_\_\_\_\_/S_____
ANDREW D. FINKELMAN
Assistant United States Attorney
D.C. Bar No. 990-870
(202) 252-6873
Andrew.finkelman@usdoj.gov

**CERTIFICATE OF SERVICE**

On this 7th day of February, 2014, a copy of the foregoing and accompanying draft order was served on counsel for record for the defendant, A.J. Kramer, via the Court's Electronic Filing System.

_____/s/_____
ANDREW FINKELMAN