## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 13-00253 (GK)** |
| | : | |
| **RODNEY CLASS,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S OMNIBUS RESPONSE TO THE DEFENDANT'S MOTIONS SEEKING MISCELLANEOUS RELIEF

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files the following response to Defendant Rodney Class's various *pro se* motions seeking miscellaneous relief.

### Factual and Procedural Background

1.  On May 30, 2013, defendant Rodney Class was arrested by United States Capitol Police for possessing firearms on Capitol Grounds. Found inside the defendant's vehicle were three loaded firearms as well as multiple knives and axes. The defendant was charged in District of Columbia Superior Court on May 31, 2013 with Carrying a Pistol under D.C. Code § 22-4504(a). After a three-day period of detention under D.C. Code § 22-1322(b), the defendant was released from detention on conditions of release including a stay-away order from the District of Columbia.

2.  On September 3, 2013, a grand jury indicted the defendant in the United States District Court for the District of Columbia on two charges: Possession of a Firearm on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(1), and Carrying a Pistol (Outside Home or Place of Business), in violation of D.C. Code § 22-4504(a).

3.   On September 5, 2013, the defendant surrendered to United States Capitol Police, and was arraigned on the indictment before Magistrate Judge Facciola that same day. At the time of arraignment, the government did not oppose the defendant's release, but requested that (1) he be placed in the D.C. Pre-Trial Services' Agency's High Intensity Supervision Program (HISP), (2) that he be monitored using a GPS device, (3) that he be ordered to stay away from U.S. Capitol Grounds, (4) that he be placed on home confinement, and (5) that he be ordered to relinquish possession of any and all weapons.

4.   After hearing argument from counsel, Judge Facciola ordered that the defendant be released on personal recognizance, that he be monitored by GPS device, that he report as directed by Pre-Trial Services for the Western District of North Carolina, and that he stay away from the District of Columbia except for court-related matters. Judge Facciola also ordered that the defense produced an inventory of weapons in the defendant's home, but deferred the government's request that he be required to surrender his weapons during the pendency of this case.

5.   At a hearing before the Court on September 12, 2013, Judge Wilkins ordered the defendant to remain on GPS monitoring, to surrender any additional weapons to his daughter within 24 hours of the hearing, and to submit an inventory of weapons to the court. A further status date was set.

6.   Thereafter, at successive status hearings, the Court excluded time under the Speedy Trial Act in the interest of justice as the defendant conferred with his attorney.

7.   On January 3, 2014, the defendant, although still represented by counsel, filed the following *pro se* motion: "Enter my Appearance: Requirement for Motion For In Camera

Hearing; 'Corpus Delicti' To Be Produced (Habeas Corpus)." On January 6, 2014, the document was entered on the docket [Doc. No. 7].

8.   On January 17, 2014, the case was transferred from Judge Wilkins to Judge Gladys Kessler.

9.   On January 27, 2014, the defendant filed five *pro se* motions [Doc Nos. 10-14].  At a status hearing on February 3, 2013, the government inquired of the Court which motions would require a response. The Court indicated that it wished the government to state its positions to each of the defendant's requests for relief, but that memoranda of law on each point was not necessary. The Court also ordered a competency evaluation of the defendant.

10. On February 7, 2014, the government filed an Omnibus Response to the Defendant's Motions Seeking Miscellaneous Relief [Doc. No. 17].

11. On February 18, 2014, the defendant filed a *pro se* pleading styled "Requirement for Judicial Notice: Motion and Requirement to Quash Plaintiff's Latest Response and a Requirement to Dismiss All Charges for Lack of Direct Rebuttal of Court Ordered Subject Matter, Lack of Standing, Frivolous Filings, and Failure to Produce a Corpus Delicti," [Doc. No. 20].

12. On February 21, 2014, the defendant filed *pro se* pleadings styled "Entry of Appearance," [Doc. No. 21], and "Take Judicial Notice Requirement for an Article III Hearing for an Formal Complaint of Ultra Vires Miss Behavior with Attachments," [Doc. No. 22].

13. On February 27, 2014, the defendant filed a *pro se* pleading styled "Take Judicial Notice Nunc Pro Tunc Requirement for an Article III Hearing for a Formal Complaint of Ultra Vires Misbehavior with Counterclaim," [Doc. No. 23].

14. On February 27, 2014, the Court held a status hearing to address the defendant's bond status in light of his recent arrest in North Carolina.  The Court continued the defendant on his existing conditions of release.

## Argument

15. The government's position with respect to each of the requests for relief is as follows.

### Defendant's February 18, 2014, "Requirement for Judicial Notice: Motion and Requirement to Quash Plaintiff's Latest Response and a Requirement to Dismiss All Charges for Lack of Direct Rebuttal of Court Ordered Subject Matter, Lack of Standing, Frivolous Filings, and Failure to Produce a Corpus Delicti, [Docket No. 20]

16. The government construes the above motion as a request that the Court strike the government's Omnibus Response to the Defendant's Motions Seeking Miscellaneous Relief, [Doc. No. 17], a request that the Court dismiss the indictment for lack of jurisdiction and/or as a sanction for malicious prosecution, and as expressing the defendant's wish to represent himself. The government opposes any request to strike any of its prior pleadings as there is no basis therefor.  The government similarly opposes the defendant's request to dismiss the indictment. As to the defendant's request to represent himself, the government takes no position.

### Defendant's February 21, 2014 "Entry of Appearance," [Docket No. 21]

17.  The government construes the above motion as expressing the defendant's wish to represent himself. As to this request, the government takes no position.

### Defendant's February 21, 2014 "Take Judicial Notice Requirement for an Article III Hearing for an Formal Complaint of Ultra Vires Miss Behavior with Attachments," [Docket No. 22]

18.  The government construes the above motion as a request to dismiss the indictment. The government opposes this request.

**Defendant's February 27, 2014 "Take Judicial Notice Nunc Pro Tunc Requirement for an Article III Hearing for a Formal Complaint of Ultra Vires Misbehavior with Counterclaim," [Docket No. 23]**

19.  The government construes the above motion as a request to dismiss the indictment

with prejudice for "lack of ability to prosecute and lack of subject matter and jurisdiction"

[Defendant's Motion at 8].  The government opposes this request.


Respectfully Submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
BAR NO.  447-889


By:     _____/s/_____
PETER C. LALLAS
Assistant United States Attorney
New York Bar
(202) 252-6879
Peter.Lallas@usdoj.gov


## CERTIFICATE OF SERVICE

On this 7th day of March 2014, a copy of the foregoing was served on counsel for record for the defendant, A.J. Kramer, via the Court's Electronic Filing System.

_____/s/_____
PETER C. LALLAS