UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) Crim. Action No. 13-253 (GK) |
| | ) |
| RODNEY CLASS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are thirty-six Motions filed by Defendant Rodney Class [Dkt. Nos. 7, 10-14, 16, 20-22, 23, 25-49]. Upon consideration of the Motions, the Government's three Omnibus Responses, the arguments presented at the Motions Hearing on April 7, 2014, and the entire record herein, and for the reasons set forth below, Defendant's Motions are **granted in part**, **denied in part**, and, pending further development of the record, **deferred in part**.

### I. BACKGROUND

On May 30, 2013, Defendant was arrested by United States Capitol Police for possession of three firearms on United States Capitol Grounds. See Indictment [Dkt. No. 1].[1]

On September 3, 2013, a grand jury in the United States District Court for the District of Columbia indicted Defendant

---

[1] Defendant is alleged to have possessed a Taurus .44 caliber pistol, a Ruger LC9 9 mm pistol, and a Henry Arms .44 caliber rifle. See Indictment [Dkt. No. 1].

on two charges: (1) possession of three firearms on United States Capitol Grounds in violation of 40 U.S.C. § 5104(e)(1); and (2) carrying a concealed pistol outside of his home or business place in violation of D.C. Code § 22-4504(a).[2]   On September 5, 2013, Defendant appeared before Magistrate Judge John Facciola for arraignment.   The Federal Defender for the District of Columbia was appointed to represent him and he was released on his own recognizance and placed in the Court's High Intensity Supervision Program.[3]

Subsequently, Defendant indicated through written filings and oral requests at several court appearances that he wished to represent himself.   On March 26, 2014, the Court held a status conference at which it advised Defendant in great detail of the risks of self-representation in order to ensure that, in the event he ultimately elected to waive his constitutional right to appointed counsel, such election would be "knowing, intelligent, and voluntary."   United States v. Cunningham, 145 F.3d 1385, 1391 (D.C. Cir. 1998).   The Court then asked Defendant to

---

[2] On May 31, 2013, prior to the grand jury's indictment in this Court, Defendant was charged in the Superior Court for the District of Columbia with Carrying a Pistol in violation of D.C. Code § 22-4504(a).   The case in Superior Court was eventually dismissed, but the record does not indicate when.

[3] On January 17, 2014, the case was reassigned to this Court after Judge Robert Wilkins, the District Judge previously assigned to the case, was elevated to the Court of Appeals for the D.C. Circuit.

further consider whether he wished to represent himself in light of the risks identified by the Court, and to inform the Court of his final decision at his next court appearance.

Meanwhile, between January 3, 2014, and March 27, 2014, Defendant, although still represented by counsel, filed thirty-six pro se Motions. [Dkt. Nos. 7, 10-14, 16, 20-22, 23, 25-49].[4] After he filed the first six of these Motions, the Court advised the Government at a status conference on February 3, 2014, that it could respond to the then-pending Motions with a single omnibus response indicating merely whether it opposed or did not oppose the requested relief. On February 7, 2014, the Government filed an Omnibus Response to the first six of these Motions ("Gov't's First Omnibus Resp.") [Dkt. No. 17]. On March 7, 2014, after Defendant filed additional Motions, the Government filed a second Omnibus Response to four more of his Motions ("Gov't's Second Omnibus Resp.") [Dkt. No. 24]. On April 4, the Government filed a third Omnibus Response to the remainder of Defendant's Motions ("Gov't's Third Omnibus Resp.") [Dkt. No. 51].

---

[4] Subsequently, Defendant submitted four additional Motions that were entirely repetitious of his other Motions. Because all of these Motions were submitted pro se, Defendant was required to obtain the Court's permission before they could be filed on the docket. The Court granted permission to file Defendant's first thirty-six Motions, but denied him permission to file the four additional Motions that were duplicative of the first thirty-six.

Defendant did not file any formal Replies in further support of his Motions, despite being advised by the Court at a status conference on February 27, 2014, that he had a right to do so. He did, however, file various submissions styled as "objections" to the Government's Omnibus Responses. These submissions address the Government's various Omnibus Responses but also raise new arguments and requests for relief. See Dkt. Nos. 28, 32, 36. As a result, the Court shall treat them as independent "Motions," but shall also consider them in further support of each of Class's other Motions.

On April 7, 2014, the Court held a Motions Hearing at which Defendant presented argument on his Motions. He also informed the Court at that time that, having considered the risks of self representation, he still desired to waive his right to appointed counsel and proceed pro se. The Court accepted Defendant's waiver as knowing and voluntary, granted his request to proceed pro se, and appointed the Federal Defender, A.J. Kramer, as stand-by advisory counsel. The Government elected not to present any substantive argument on Defendant's Motions but requested the opportunity to submit additional briefing in the event the Court was inclined to grant any of the Motions.

At the conclusion of the Motions Hearing, in light of the voluminous submissions Defendant had already filed, the Court issued an Order requiring Defendant to seek express permission

from the Court prior to filing any additional Motions.    See
Order dated April 7, 2014 [Dkt. No. 52].

## II.  DISCUSSION

The Court construes Defendant's Motions liberally for any
possible relief to which he might be entitled.    See, e.g.,
Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 583 (D.C. Cir.
2002) (court has an "obligation to construe pro se filings
liberally").    It observes, however, that although Defendant
raises a few issues that bear further consideration, a number of
his Motions are duplicative of each other, and many are, to a
large extent, utterly incomprehensible.    Furthermore, most of
the Motions purport to cite legal principles that either do not
exist or are provisions of civil law wholly inapplicable to the
issues in this criminal case.    With this background in mind, the
Court addresses each Motion as follows.[5]

### 1.  Enter my Appearance: REQUIREMENT FOR MOTION FOR IN CAMERA HEARING; "CORPUS DELICTI" TO BE PRODUCED (HABEAS CORPUS) [Dkt. No. 7] ("Motion #1")

In this Motion, Defendant objects to the appearance of his
name in all capital letters in the indictment, contending that
the capital letters apply only to a "fictional" entity or a
corporation, and not a "a living flesh and blood man" such as
himself.    Mot. at 9.    This objection and the related argument

---

[5] In listing Defendant's Motions, the Court retains the exact
spelling and capitalization used by Defendant.

that the use of all capital letters somehow deprives the Court of subject matter jurisdiction find no support in the law and, in fact, have been squarely rejected by at least one court. See United States v. Mitchell, 405 F. Supp. 602, 603 (D. Md. 2009) (characterizing similar objections as "patently without merit").

To the extent Defendant seeks "declaratory judgment" as to the identity of the actual person charged in the indictment, such declaratory relief is not a cognizable remedy in a criminal case. However, the Court now clarifies, to the extent there is any doubt, that the person charged in this case is Rodney Class the human being, and not a corporation or any other "fictional entity," as Defendant suggests. See Gov't's First Omnibus Resp. ¶ 12.

Finally, Class also asks the Court to define the duties and obligations of his appointed lawyer. The Court described the duties of appointed counsel at the status conference held on March 26, 2014. To the extent Defendant seeks to understand the role of his advisory counsel, he should consult further with Mr. Kramer. If, after discussing the issue with Mr. Kramer, Defendant has further questions related to Mr. Kramer's role and duties, he may bring them to the attention of the Court at that time.

For all of these reasons, the Motion shall be **denied.**

**2.    Entry of Appearance Requirement and wish As a Living man with a (Soul) [Dkt. No. 10] ("Motion #2")**

The Court interprets this Motion as a request to permit Class to represent himself.  As set forth on the record at the Motions Hearing on April 7, 2014, the Court finds that Class has made a knowing and voluntary decision to waive his Sixth Amendment right to counsel, having been informed of the dangers and disadvantages of doing so, and therefore, this Motion has been **granted**.  See Cunningham, 145 F.3d at 1391-92.

**3.    Wish and just cause to belief and the Requirement of a Wavier [sic] for Release for  Lawyer A.J. KRAMER [Dkt. No. 11] ("Motion #3")**

The Court interprets this Motion as another request to permit Class to represent himself.  As discussed in Motion #2 above, Defendant has been granted permission to represent himself, and Mr. Kramer has been appointed as his stand-by advisory counsel.  As the Court has already addressed these issues, and Defendant presents no new considerations in this Motion, this Motion shall be **denied** as duplicative.

**4.    Wish for Declaratory Judgment [Dkt. No. 12] ("Motion #4")**

The Court interprets this Motion as seeking the same relief as Motion #1 and, to that extent, it shall be **denied** for the reasons discussed in Paragraph 1, above.

To the extent Defendant also seeks clarification regarding the "remedies" at issue in this case, the Court clarifies that

- 7 -

the maximum prison term that may be imposed on each of the two counts in the Indictment is five years, for a maximum total prison term of ten years. See 40 U.S.C. § 5109(a); D.C. Code § 22-4504.

To the extent Defendant seeks information related to other legal remedies that may be available to him, providing such information would be the role of his appointed counsel, not the Court. The Court has advised Defendant that, despite his election to proceed without counsel, the Court is unable to provide legal assistance of the type he seeks.

Consistent with the foregoing, this Motion shall be **granted** to the extent Defendant seeks clarification of the maximum penalties, which the Court has now provided, and otherwise shall be **denied.**

### 5. Requirement and wish Declaratory judgment for resurrection of the flesh and blood man with a soul to be made whole [Dkt. No. 13] ("Motion #5")

The Court interprets this Motion as a request for the Court to take judicial notice that Defendant is a human being and is alive. The Government takes no position on this Motion, and therefore, the Motion shall be **granted.**

### 6. IN CAMERA HEARING "CORPUS DELICTI" [Dkt. No. 14] ("Motion #6")

The Court interprets this Motion as a Motion to Dismiss and for miscellaneous relief. To the extent the Motion seeks to

dismiss the indictment for failing to name an "indispensable party," the rules relating to dismissal for failure to join an "indispensable party" are civil rules and do not apply to a criminal case.  See Fed. R. Civ. P. 19.  To the extent Defendant seeks dismissal based on other alleged deficiencies in the indictment, the indictment is not required to include the information he requests, and there is no indication that the named defendant in the indictment is incorrect as he suggests. To the extent Defendant asks the Court to remove the conditions of his release or to expunge his record, he has identified no basis for the Court to do so.

To the extent Defendant alleges that the prosecutor has committed misconduct, he fails to identify any such misconduct whatsoever.  Finally, to the extent Defendant argues that he is entitled to compensation for his time spent defending himself in this case, he is not so entitled.  Defendant's remaining allegations are entirely inapposite to this case.

For the foregoing reasons, this Motion shall be **denied.**

7. **IN CAMERA HEARING REQUIREMENT BURDEN OF PROOF "CORPUS DELICTI" TO BE PRODUCED (HABEAS) CORPUS WITH DECLARATORY JUDGMENT RULING [Dkt. No. 16] ("Motion #7")**

In this Motion, Class seeks to dismiss the case based on the indictment's purported failure to identify the "'WHO' or 'WHAT'" of the crime.  The indictment is crystal clear, however,

that Defendant is the individual charged in this case, and that
he is alleged to have possessed three firearms on United States
Capitol Grounds in violation of 40 U.S.C. § 5104(e)(1). See
Indictment at Count One [Dkt. No. 1]. The Indictment further
alleges that Defendant carried a pistol "openly and concealed on
or about his person, in a place other than his dwelling place,
place of business or on other land possessed by him," in
violation of 22 D.C. Code § 4504(a). See id. at Count Two.
Therefore, contrary to Defendant's contention, the indictment
does identify both the "who" and "what" of the crimes alleged.

To the extent Defendant argues that the criminal statutes
under which he is charged are not valid, he identifies no legal
basis for challenging them.

To the extent Defendant seeks dismissal based on the
Government's purported failure to meet its burden of proof, a
grand jury in this Court decided that the Government had met its
burden of proof to indict Defendant, that is, that the
Government had shown there was probable cause to commence
criminal proceedings and require him to answer the charges. See
Mitchell, 405 F. Supp. 2d at 603 ("The defendants have been
indicted by a properly constituted grand jury, and they are
indisputably subject to the jurisdiction of this court."). 
Defendant has not identified any deficiencies in the grand jury
process, and the Government is not required to prove the

- 10 -

defendant's guilt until trial, which has been scheduled for July 7, 2014.

For all of these reasons, Defendant's Motion shall be **denied.**

> **8.    Requirement for Judicial Notice: Motion and Requirement to Quash Plaintiff's Latest Response and a Requirement to Dismiss All Charges for Lack of Direct Rebuttal of Court Ordered Subject Matter, Lack of Standing, Frivolous Filings, and Failure to Produce a Corpus Delicti [Dkt. No. 20] ("Motion #8")**

In this Motion, Defendant seeks to quash the Government's First Omnibus Response on the basis that he does not deem it responsive to his Motions. At the status conference on February 3, 2014, the Court expressly advised the Government that it could respond to Defendant's numerous Motions in summary fashion, and therefore, the summary nature of Defendant's First Omnibus Response is not a basis to "quash" the Response. As discussed in more detail below, however, the Government shall be directed to submit further briefing on certain issues raised by Defendant's Motions.

To the extent Defendant challenges the Government's "standing" to bring this case, the United States Attorney's Office for the District of Columbia has the authority to prosecute crimes against the United States and the District of Columbia. See Fed. R. Crim. P. 1(b)(1)(B).

To the extent Defendant challenges the prosecutor's competence and alleges malicious prosecution, he provides absolutely no support for these allegations.

To the extent Defendant argues that the criminal provisions under which he is charged, 40 U.S.C. § 5104(e) and 22 D.C. Code § 4504(a), apply only to business entities, government instrumentalities and other corporate "persons," but not to natural persons such as himself, this argument is contradicted by the plain language of the laws under which he is charged. Only natural persons are capable of "carry[ing]" a firearm in the manner prohibited. See 40 U.S.C. § 5104(e) ("An individual or group of individuals . . . may not carry on or have readily accessible to any individual on the Grounds or in any of the Capitol Buildings a firearm [or] a dangerous weapon[.]") (emphasis added); 22 D.C. Code § 4504(a) ("No person shall carry within the District of Columbia either openly or concealed on or about their person, a pistol or any deadly or dangerous weapon[.]") (emphasis added). Moreover, Section 5104(e) explicitly refers to an "individual or group of individuals," thereby making clear that its prohibitions apply to a natural person such as Defendant, and not a corporate person.[6]

_____

[6] As support for his argument that the criminal provisions at issue do not apply to natural persons, Defendant relies on portions of the United States Tax Code, the Texas Administrative

Defendant also repeatedly objects to the prosecutor's purported failure "to produce a Corpus Delicti as to who was injured and the extent of that injury." An individual "injury" is not, however, an element of the offenses alleged in the indictment. Furthermore, the "corpus delicti rule," to which Defendant refers, simply requires "that a verdict of guilt rest on more than unsupported confessions or admissions of the accused[.]" United States v. Johnson, 589 F.2d 716, 718 (D.C. Cir. 1978). The Government has not suggested that it will attempt to prove Defendant's guilt based on "unsupported confessions or admissions," and Defendant has not explained why this doctrine has any relevance to this case.

To the extent Defendant objects that the prosecutor's papers and legal arguments are "unintelligible" and "nonsensical," Mot. at 9, legal terminology is frequently difficult to understand for non-lawyers. This is one of the many reasons the Court advised Defendant at the status conference on March 26, 2014, that it would be unwise to represent himself. The Court is unable to provide explanations of each and every one of the Government's legal arguments, as that would be the role of his appointed counsel, not the Court.

---

Code and Delaware Administrative Code, all of which are inapplicable to this criminal case.

Finally, to the extent Defendant challenges his prosecution under the Second Amendment of the Constitution, the Government has not submitted a substantive response to this argument. The Court therefore lacks an adequate record on which to evaluate it. The Government shall be ordered to file further briefing on this issue no later than **May 1, 2014,** and the Defendant may, but is not required to, file a further Response within **14 days** of the Government's submission.

For the foregoing reasons, Defendant's Motion shall be **deferred** insofar as it relates to the Second Amendment and otherwise shall be **denied**.

9. **Entry of Appearance As a Living man with a (Soul) AS A Private Attorney General and Constitutional Bounty Hunter By Congressional Act of U.S. Congress FOR AN FORMAL COMPLAINT OF ULTRA VIRES MISS BEHAVIOR [Dkt. No. 21] ("Motion #9")**

The Court interprets this Motion as yet another request by Defendant to represent himself, which, as discussed in relation to Motion #2 above, has already been granted. Therefore, this Motion shall be **denied** as duplicative.

10. **Take Judicial Notice Requirement for an Article III Hearing for an Formal Complaint of Ultra Vires Miss Behavior [sic] with Attachments [Dkt. No. 22] ("Motion #10")**

This Motion is comprised of forty three pages of block quotes of a variety of statutory provisions that are irrelevant to this case, including the Smith Act of 1940, 18 U.S.C. § 2385;

the Administrative Procedure Act, 5 U.S.C. § 701 et seq.; the
Hobbs Act, 18 U.S.C. § 1951; the Taft-Hartley Act, 29 U.S.C. §
401 et seq.; the Federal Reserve Act of 1913, 38 Stat. 251; and
laws related to the oath of office required of public employees,
racketeering, conspiracy, and trespass.   Defendant appears to
allege that various representatives of the United States
Government violated his constitutional rights and committed
unspecified misconduct.   However, he provides no support for
these assertions, and therefore, the Motion shall be **denied.**

## 11.   TAKE JUDICIAL NOTICE NUNC PRO TUNC REQUIREMENT FOR AN ARTICLE III HEARING FOR A FORMAL COMPLAINT OF ULTRA VIRES MISBEHAVIOR WITH COUNTERCLAIM [Dkt. No. 23] ("Motion #11")

In this Motion, Defendant repeats arguments made in earlier
Motions, which the Court has already addressed above.

In addition, Defendant asserts that he was "searched and
seized without a proper complaint," that he was "interrogated
for hours without a Miranda warning," and that his seized
property was never returned to him.   Mot. ¶¶ 13, 14, 17.   The
Government has not submitted a substantive response to these
arguments.   Therefore, the Court finds that it lacks an adequate
record on which to evaluate them.   Consequently, the Government
shall be ordered to file further briefing on these issues no
later than **May 1, 2014,** and Defendant may, but is not required

- 15 -

to, file a further Response within **14 days** of the Government's submission.

For the foregoing reasons, this Motion shall be **deferred** insofar as it raises arguments under the Fourth and Fifth Amendments and otherwise shall be **denied**.

### 12. Take Judicial Notice: Verification for Declaratory Status Under the Tenth Amendment [Dkt. No. 25] ("Motion #12")

This Motion repeats arguments that have already been addressed above. Consequently, it shall be **denied.**

### 13. Requirement and wish for Dismissal; Take Judicial Notice: UNITED STATES DISTRICT COURT has limited jurisdiction and venue [Dkt. No. 26] ("Motion #13")

The Court construes this Motion as a Motion to Dismiss for lack of subject matter jurisdiction and improper venue.

Defendant does not, however, identify any plausible basis to challenge the Court's subject matter jurisdiction. The Court has subject matter jurisdiction over federal offenses and properly joined offenses arising under District of Columbia law. See United States v. Jackson, 562 F.2d 789, 793 (D.C. Cir. 1977) ("The United States District Court for the District of Columbia has jurisdiction of . . . any offense under any law applicable exclusively to the District of Columbia which offense is joined in the same information or indictment with any Federal offense.") (citing D.C. Code § 11-502(3)). Thus, there is no

doubt that the Court has subject matter jurisdiction over this case.

To the extent Defendant challenges venue in the District of Columbia,  Rule 18 of the Federal Rules of Criminal Procedure requires a criminal prosecution to take place "in the district in which the offense was committed," except when "a statute or the[] rules permit otherwise."  Fed. R. Crim. P. 18.  Defendant is charged with committing a criminal offense on United States Capitol Grounds in the District of Columbia, and he has not pointed to any statute or rule permitting (much less requiring) him to be prosecuted in a different district.  Therefore, venue is proper in this District.

Defendant also recites various legal provisions, including portions of the Code of Federal Regulations; Rules 3, 4, and 11 of the Federal Rules of Criminal Procedure; Article III of the Constitution; 28 U.S.C. § 2255; the National Industrial Recovery Act, 48 Stat. 195; the Emergency Relief Appropriation Act of 1935, 49 Stat. 115; the "Clearfield Trust Doctrine," see Clearfield Trust Co. v. United States, 318 U.S. 744 (1943); and 42 U.S.C. § 1981.  He fails to explain how any of these authorities are relevant to his criminal case.

Finally, Defendant repeats arguments and allegations of misconduct that the Court has already addressed above.  For all of the foregoing reasons, this Motion shall be **denied.**

- 17 -

**14. Take Judicial Notice: Federal Rules Violations And Willful Fraud Upon The Court As Grounds For Motion Of Dismissal, And A Request For Summary Judgment [Dkt. No. 27] ("Motion #14")**

Defendant again discusses a litany of unrelated federal statutes, which he states are "Grounds for Dismissal For Limited Venue." Mot. at 5-6. Defendant also repeats his venue challenge, which the Court has addressed above. Consequently, this Motion shall be **denied.**

**15. Objection to Government's Omnibus Response RE: What The Living Flesh And Blood Man With A Soul, A Being/Natural Person, Was Subjected To After Being Unlawfully Arrested [Dkt. No. 28] ("Motion #15")**

In this Motion, Defendant argues that his indictment was improper because "the Grand Jury is to hear evidence from BOTH SIDES and any decision or conclusion from the Grand Jury is supposed to be based on BOTH SIDES and NOT in a decision from just ONE SIDE." Mot. at 5. Defendant is incorrect. A grand jury proceeding is not an adversarial proceeding, and the Government was not required to present evidence from both sides. See Fed. R. Crim. P. 6(d). Defendant will, however, have the opportunity to present his side of the case at his trial.

Defendant's other arguments are repetitious of arguments previously asserted in his other Motions, which have been addressed above.

Consequently, this Motion shall be **denied.**

16. **ADMINISTRATIVE NOTICE AND DEMAND: WRIT OF ERROR CORAM NOBIS MEMORANDUM IN LAW, Fed R. Civ. P. Rule 60 and Fed. R. Civ. P. 46 [Dkt. No. 29] ("Motion #16")**

Defendant again cites federal statutes and rules that are inapplicable to his case, including the Copy Right Act, 17 U.S.C. § 101 et seq., the Federal Rules of Civil Procedure, the Foreign Sovereign Immunity Act, 28 U.S.C. § 1602 et seq., and others, to argue that the Court lacks jurisdiction over his case. Because these laws have no relevance to Defendant's criminal prosecution, this Motion shall be **denied**.[7]

17. **Formal Complaint: Prayer for Relief And Constitutional Questions In Law; Take Judicial Notice; Request For A Show Cause Hearing; Why United States Attorney Andrew David Finkelman or Peter Lallas Should Be Sanctioned by Law [Dkt. No. 30] ("Motion #17")**

This Motion merely repeats objections and arguments already made in the foregoing Motions, each of which have already been rejected. Consequently, it shall be **denied**.

---

[7] This Motion is styled as seeking "coram nobis" relief. The writ of coram nobis is a form of collateral relief that, in its modern iteration, may issue in "extraordinary cases" where necessary to "redress a fundamental error" and "achieve justice" relating to an earlier case. United States v. Denedo, 556 U.S. 904, 910-11 (2009) (citing United States v. Morgan, 346 U.S. 502, 507 (1954)). By definition, the writ is not available until after a final judgment has issued in a criminal case.

18. **Requirement and wish for Dismissal; Take Judicial Notice: UNITED STATES DISTRICT COURT has limited jurisdiction and venue [Dkt. No. 31] ("Motion #18")**

This Motion also merely repeats the arguments of previous Motions, each of which have already been rejected. Consequently, it shall be **denied.**

19. **Second Motion to Quash and Strike Prosecution's Response for Failure to State Facts and Conclusions in Law [Dkt. No. 32] ("Motion #19")**

This Motion again repeats objections and arguments already made in the foregoing Motions, which have already been rejected. Moreover, it does not identify any basis to strike the Government's Second Omnibus Response. Consequently, it shall be **denied.**

20. **Second Motion for A.J. Kramer to Step Aside as Ineffective Counsel (and Judicial Notice: Fraud upon the Court) [Dkt. No. 33] ("Motion #20")**

In this Motion, Defendant contends, without any support whatsoever, that his previously appointed counsel was ineffective. There being no evidence to support this assertion, the Court interprets the Motion as yet another request to permit Class to represent himself. This request has already been granted in Motion #2 above, and therefore, it shall be **denied** here as duplicative.

### 21. Motion for Discovery: F.R.C.P. Rule 37, F.R.C.P. Rule 16, (and a Clarification of Verbal Communications Used by the Plaintiff) [Dkt. No. 34] ("Motion #21")

This Motion, although styled as a request for discovery, largely repeats objections and arguments totally unrelated to discovery that have already been made in the foregoing Motions and rejected by the Court.

At the Motions Hearing on April 7, 2014, the Court discussed the issue of discovery with the parties. Mr. Kramer indicated that his office had received discovery from the Government, and he promised to give this discovery to Defendant. Therefore, this Motion shall be **denied** as moot.

### 22. JUDICIAL NOTICE MOTION TO REMOVE UNITED STATES CODE 28 SECTION 2672 ADMINISTRATIVE ADJUSTMENT OF CLAIMS [Dkt. No. 35] ("Motion #22")

In this Motion, Class seeks "removal" of his action to the "proper Administrate [sic] jurisdiction and venue" pursuant to 28 U.S.C. § 2672. He also seeks "summary judgment" and dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which the Court shall interpret as a Motion to Dismiss.[8]

Defendant cites the Dick Act of 1902, 32 Stat. 775, which he contends "invalidate[d] all gun laws[.]" Mot. at 10.

---

[8] Summary judgment and dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to civil cases, not a criminal case such as this one.

Contrary to this assertion, the Dick Act created the National Guard system and is entirely inapplicable to the charges against Defendant.[9]

Defendant also argues that the National Firearms Act of 1934, 48 Stat. 1236, defines the term "firearm" as including only "[h]and guns and long rifles," such that the rifle and pistols he allegedly possessed on United States Capitol Grounds were not prohibited.  Mot. at 10.  Defendant is not charged under the National Firearms Act of 1934, and therefore, it is irrelevant to this case.[10]

The definition of firearm in this case is governed by two other statutory provisions, 18 U.S.C. § 921(3), which is incorporated by reference in 40 U.S.C. § 5104(a)(4), and 22 D.C. Code 4504, both of which squarely apply to pistols and most rifles.  See 18 U.S.C. § 921(3) (defining a "firearm" to include

---

[9]  See 32 Stat. 775; Perpich v. Dep't of Def., 496 U.S. 334, 342 (1990) ("The Dick Act divided the class of able-bodied male citizens between 18 and 45 years of age into an 'organized militia' to be known as the National Guard of the several States, and . . . [a] 'reserve militia,' and . . . provided that federal funds and Regular Army instructors should be used to train its members.").

[10]  The National Firearms Act of 1934 imposed restrictions and levied taxes on the interstate transportation and sale of firearms.  See generally 48 Stat. 1236; United States v. Miller, 307 U.S. 174 (1939).  It defined "firearm" as "a shotgun or rifle having a barrel of less than eighteen inches in length, or any other weapon, except a pistol or revolver, from which a shot is discharged by an explosive if such weapon is capable of being concealed on the person, or a machine gun . . . ."  48 Stat. 1236.

"any weapon . . . which will or is designed to . . . expel a projectile by the action of an explosive" other than an "antique firearm") (emphasis added); 22 D.C. Code § 4504(a) (prohibiting possession of a "pistol" or "any deadly or dangerous weapon capable of being . . . concealed") (emphasis added).

Finally, to the extent Defendant argues that this case should be dismissed because his prosecution violates the Second Amendment, as discussed in connection with Motion #8 above, the Court shall **defer** resolution of this issue pending the submission of further briefing by the Government.

For the foregoing reasons, this Motion shall be **deferred** as to the Second Amendment issue and otherwise shall be **denied.**

**23. OBJECTION TO GOVERNMENT'S OMNIBUS RESPONSE: RE: What The Living Flesh And Blood Man With A Soul, A Being/Natural Person, Was Subjected To After Being Unlawfully Arrested [Dkt. No. 36] ("Motion #23")**

In this Motion, Defendant repeats a number of arguments made in earlier Motions, which the Court has already addressed.

In addition, Defendant objects to "being rearrested for a second time" and subsequently "recharged for new Federal crimes" in this Court after his criminal case in Superior Court was dismissed. Mot. at 5-6. Defendant contends that the new federal charges were "based ONLY on the first Grand Jury's Indictment from Superior Court which was 'dismissed' under NOLLE PROSEQU!" Mot. at 6.

To the extent Defendant objects to the filing of federal charges under the Double Jeopardy Clause of the Fifth Amendment, "the Double Jeopardy Clause precludes the Government from relitigating any issue that was necessarily decided by a jury's acquittal in a prior trial[.]" United States v. Coughlin, 610 F.3d 89, 96 (D.C. Cir. 2010) (emphasis added) (citation omitted). "Dismissal of an indictment before trial, with or without prejudice, does not itself invoke jeopardy where it does not involve a determination of the underlying facts." United States v. Lindsey, 47 F.3d 440, 444 (D.C. Cir. 1995), judgment vacated on other grounds sub nom. Robinson v. United States, 516 U.S. 1023 (1995). Consequently, the mere refiling of charges in federal court does not violate the Double Jeopardy Clause.

To the extent, however, that Defendant contends that he was not indicted by a properly constituted federal grand jury, the Government has not responded to this argument and the Court lacks an adequate record to evaluate it. Therefore, resolution of this issue shall be **deferred** pending further briefing by the Government.

Defendant also challenges the validity of his arrest and the search and seizure of his vehicle under the Fourth Amendment, and reiterates his challenge to his interrogation under the Fifth Amendment. Mot. at 6-7. He contends that "the foundation for [his] arrest was based on a 'parking ticket' that

- 24 -

was DISMISSED" and it was not until "AFTER [that] they did an
Illegal Search and Interrogation."   Mot. at 7.   The Government
has not responded to these arguments and the Court lacks an
adequate record to evaluate them.   Therefore, as discussed in
connection with Motion #11 above, resolution of these issues is
also **deferred**.

Finally, in the exhibits appended to this Motion, Defendant
states that he holds a concealed firearm permit in North
Carolina allegedly permitting him to carry firearms in his
vehicle.   See Mot. at Claim for Damage, Injury or Death at 3.
The Court interprets this claim, in conjunction with the
arguments Defendant presented at the Motions Hearing and the
legal authorities cited in Motion #31 [Dkt. No. 44], to raise an
argument that Defendant's prosecution in the District of
Columbia for conduct allegedly permitted by his North Carolina
permit violates the Privileges and Immunities Clause of Article
IV of the Constitution, the Full Faith and Credit Clause, and
the Equal Protection Clause of the Fourteenth Amendment.   The
Government has not responded to these arguments and the record
is inadequate to evaluate them.

Consequently, the Government shall be ordered to file
further briefing on each of these issues no later than **May 1,
2014,** and Defendant may, but is not required to, file a further
Response within **14 days** of the Government's submission.

- 25 -

In sum, this Motion shall be **deferred** as it relates to the sufficiency of the indictment and Defendants' arguments under the Second, Fourth, Fifth, and Fourteenth Amendments, and Article IV of the Constitution, and it shall otherwise be **denied.**

**24.  MOTION FOR DISCOVERY F.R.C.P. RULE 37, F.R.C.P. RULE 16 And A  Clarification of Verbal Communications Used By The Plaintiff [Dkt. No. 37] ("Motion #24")**

This Motion merely repeats arguments made in previous Motions, which the Court has addressed above.  Therefore, it shall be **denied.**

**25.  Motion for Administrative notice and demand: writ of error coram nobis memorandum in law, Fed. R. Civ. P. 60 and Fed. R. Civ. P. 46 [Dkt. No. 38] ("Motion #25")**

This Motion merely repeats arguments already made in the foregoing Motions, each of which have already been rejected, and cites additional authorities that have no relevance to this case.  Consequently, it shall also be **denied.**

**26.  Requirement To Have The Plaintiff Appear Before the District Court (This Court) [Dkt. No. 39] ("Motion #26")**

The Court construes this Motion as a request for a hearing on the previously-filed Motions, which the Court has already granted.  It shall therefore be **denied as moot.**

27. **Take Judicial Notice: Prayer For Verification for Declaratory Status and Inquisition Status Of Declarant [Dkt. No. 40] ("Motion #27")**

In this Motion, Defendant cites yet additional legal authorities that have no apparent relevance to his case, including "Executive Order 6174 on Public Works Administration," the National Industrial Recovery Act, 48 Stat. 195, and the Classification Act of 1923, 5 U.S.C. § 1071 et seq. It shall therefore be **denied**.

28. **ADMINISTRATIVE NOTICE; IN THE NATURE OF WRIT OF ERROR CORAM NOBIS & A DEMAND FOR DISMISSAL OR STATE THE PROPER JURISDICTION [Dkt. No. 41] ("Motion #28")**

This Motion merely repeats arguments already made in the foregoing Motions, each of which have already been rejected. Consequently, it shall be **denied.**

29. **OBJECTION TO GOVERNMENT'S OMNIBUS RESPONSE: RE: What The Flesh And Blood Man With A Soul, A Being/Natural Person, Was Subjected To After Being Unlawfully Arrested [Dkt. No. 42] ("Motion #29")**

This Motion appears to be a verbatim copy of Motion #23 [Dkt. No. 36], discussed above. It shall be **denied** as duplicative.

30. **JUDICIAL NOTICE MOTION TO REMOVE UNITED STATES CODE 28 SECTION 2672 ADMINISTRATIVE ADJUSTMENT OF CLAIMS [Dkt. No. 43] ("Motion #30")**

This Motion appears to be a verbatim copy of Motion #22 [Dkt. No. 35], discussed above. It shall also be **denied** as duplicative.

31. **Take Judicial Notice: Federal Rules Violations And Willful Fraud Upon The Court As Grounds For Motion Of Dismissal, And A Request for Summary Judgment [Dkt. No. 44] ("Motion #31")**

The Court construes this Motion as a Motion to Dismiss for various constitutional violations. To the extent Defendant argues that his Sixth Amendment right to confront witnesses has been violated, that right does not apply until trial and therefore, by definition, it has not been violated.

To the extent Defendant argues that his First Amendment right to petition his government has been violated, he provides no support for this argument.

To the extent Defendant argues that this prosecution violates his rights under the Privilege and Immunities Clause of Article IV and the Equal Protection Clause of the Fourteenth Amendment, the Court has addressed those arguments in connection with Motion #23 [Dkt. No. 36] above.

Defendant also repeats a number of other arguments that have already been addressed above. Consequently, this Motion shall be **denied**.

32. **TAKE JUDICIAL NOTICE: FRAUD UPON THE COURT, 2ND MOTION For Lawyer A.J. Kramer To Step Aside As Ineffective Counsel [Dkt. No. 45] ("Motion #32")**

This Motion is wholly repetitive of Defendant's prior Motions. It shall be **denied**.

33.   **Take Judicial Notice: Verification for Declaratory Status Under the Tenth Amendment [Dkt. No. 46] ("Motion #33")**

This Motion repeats arguments already made in the foregoing Motions, each of which have already been rejected, and cites additional authorities that have no relevance to this case. Consequently, it shall be **denied.**

34.   **2ND MOTION FOR DISCOVERY: F.R.C.P. RULE 37, F.R.C.P. RULE 16 And A Clarification Of Bonds Used By The Plaintiff [Dkt. No. 47] ("Motion #34")**

Although styled as a "Motion for Discovery," this Motion does not seek any discovery that could even conceivably be relevant to this case.  Instead, it asserts that Defendant's birth name has been converted to a "Registered Trade" name in violation of the Uniform Commercial Code and seeks information purportedly relating to such purported conversion.   These allegations are unsupported and irrelevant to whether Defendant violated 40 U.S.C. § 5104(e)(1) and 22 D.C. Code § 4504(a). Furthermore, the Court has already addressed Defendant's request for discovery above.  Consequently, the Motion shall be **denied.**

35.   **BY CONGRESSIONAL ACT: A Right To Act As A Private Attorney General, AND BY CONSTITUTIONAL AUTHORITY: To Receive Letters Of Marque And Reprisal [Dkt. No. 48] ("Motion #35")**

In this Motion, Defendant claims he has been given authority by the House and Senate to act as a private attorney general.  There is no evidence supporting either this allegation

or Defendant's related assertion that the Court lacks subject matter jurisdiction over this case. Consequently, this Motion shall be **denied**.

> **36. ADMINISTRATIVE NOTICE; IN THE NATURE OF WRIT OF ERROR CORAM NOBIS & A DEMAND FOR DISMISSAL OR STATE THE PROPER JURISDICTION [Dkt. No. 49]("Motion #36")**

This Motion is an exact copy of Motion #28 [Dkt. No. 41] discussed above. Therefore, it shall be **denied** as duplicative.

## III. CONCLUSION AND ORDER

For the reasons set forth above, it is hereby

**ORDERED,** that Motion numbers 1, 3, 6, 7, 9, 10, 12-21, and 24-36 [Dkt. Nos. 7, 11, 14, 16, 21, 22, 25-34, 37-49] are **denied**; and it is further

**ORDERED,** that Motion numbers 2 and 5 [Dkt. Nos. 10 and 13] are **granted**; and it is further

**ORDERED**, that Motion number 4 is **granted in part** and **denied in part**; and it is further

**ORDERED,** that the Government, having previously been given permission by the Court to file summary responses to Defendant's Motions, is now directed to file, no later than **May 1, 2014,** a substantive response to Motion numbers 8, 11, 22, and 23, insofar as they challenge the sufficiency of the grand jury indictment and the legality of Defendant's prosecution under the

Second, Fourth,[11] Fifth and Fourteen Amendments and Article IV of the United States Constitution.  The Government may file its Response in a single pleading, and Defendant may file a single reply to the Government's response no later than **May 15, 2014**; and it is further

ORDERED, that Motion numbers 8, 11, 22, and 23 are **deferred** insofar as they relate to the issues set forth in the preceding paragraph, and are otherwise **denied**.

April 16, 2014

Gladys Kessler
United States District Judge

**Copies to Counsel by ECF and by mail to:**

RODNEY CLASS
432 North Lincoln Street
High Shoals, NC 28077

---

[11] The Government should address Defendant's assertions that he was originally arrested on a traffic violation that was subsequently dismissed and that the Capitol Police officers searched his vehicle without a warrant.  These assertions appear inconsistent with the Government's description of Defendant's arrest and the search of his vehicle.  See Mot. to Admit Other Crimes Evid. Under Fed. R. Evid. 404(b) at 1-2 [Dkt. No. 50].