UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | |
| | : | **CRIMINAL NO. 13-00253 (RWR)** |
| **RODNEY CLASS,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S RESPONSE TO COURT'S MAY 23, 2014 ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files the following responses to questions posed in the Court's May 23, 2014 Order [D.E. 98].

1. The Government provided the overwhelming majority of all Rule 16 discovery on or before October 28, 2013. A few items remain, which are not yet in the possession of the Government, including a certified copy of the defendant's car registration, his known prints taken at the time of his arrest, and certifications under Federal Rule of Evidence 902(11). As soon as the Government receives these documents, it will provide them to the defendant.

2. The Government does not intend to call any civilian witnesses at trial. The Government has submitted requests for the standard checks of law enforcement witnesses to the relevant law enforcement agencies and has inquired of some, though not all, of these anticipated witnesses. If, as a result, the Government receives information that should be disclosed, it will immediately do so.

3. The Government anticipates calling 3-10 witnesses at trial, the lower number being more likely if certain scheduling issues can be resolved.[1] The number of witnesses will also

---
[1] Today, the Government filed a Motion to Reschedule Trial [D.E. 99].

depend on the Court's ruling on the Government's pending Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) [D.E. 50]. The Government cannot estimate the length of the defendant's cross-examination of its witnesses but nonetheless believes that its case-in-chief will take no longer than three days to present.

4. To the extent they have not already been provided, the Government will disclose its Jencks statements on July 2.

5. In September 2013, counsel for the Defendant suggested the Defendant might be willing to plead guilty to a misdemeanor and the Government indicated it was unwilling to make such an offer. Very recently, the Government offered to the Defendant that, if he pleads guilty to Unlawful Possession of a Firearm on Capitol Grounds or Buildings, the United States will move to dismiss the remaining count in the Indictment. This offer expires on June 13, 2014.

Respectfully Submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
BAR NO. 447-889

By: _____/s/_____
PETER C. LALLAS
Assistant United States Attorney
New York Bar
(202) 252-6879
Peter.Lallas@usdoj.gov

## **CERTIFICATE OF SERVICE**

On this 2nd day of June 2014, a copy of the foregoing was served on the defendant's stand-by counsel, A.J. Kramer, via the Court's Electronic Filing System. A copy was also served by mail on the Defendant at 432 North Lincoln Street, High Shoals, NC 28077.

_____/s/_____
PETER C. LALLAS