UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF COLUMBIA

_____
                              )
**UNITED STATES OF AMERICA,**     )
                              )
    **v.**                       )
                              ) Criminal Action No. 13-253 (RWR)
**RODNEY CLASS,**                 )
                              )
    **Defendant.**               )
_____)


                                **ORDER**

    A federal grand jury indicted pro se defendant Rodney Class with one count of unlawful possession of a firearm on Capitol grounds or buildings, in violation of Title 40 of the United States Code, Section 5104(e)(1), and one count of carrying a pistol outside of a home or place of business, in violation of Title 22 of the D.C. Code, Section 4504(a) (2001 ed.).  The indictment alleges that on May 30, 2013, Class did carry or have readily accessible a Taurus .44 caliber pistol, a Ruger LC9 9mm pistol, and a Henry Arms .44 caliber rifle, on the United States Capitol Grounds in the District of Columbia, not in his dwelling or place of business or on land he owned.

I.    CHALLENGE TO JURISDICTION

    Class has submitted a filing which appears principally to challenge personal jurisdiction, subject matter jurisdiction, and venue, which he refers to as territorial jurisdiction.  He

asserts that he did not consent to personal jurisdiction, and if he did, the consent was achieved through deception or under threat of physical harm while under arrest.  He also argues that subject matter jurisdiction is lacking because neither diversity jurisdiction, federal question jurisdiction nor in rem jurisdiction is present.

Class had offered no support for the argument that the court lacks personal jurisdiction over a defendant alleged to have committed a criminal offense in this district where the defendant has not consented to personal jurisdiction, or that venue is improper in such a district.  Nor has he offered support for the assertion that the principles of diversity, in rem and federal question jurisdiction that underlie federal civil litigation must be demonstrated in federal criminal prosecutions.

II.  MOTION TO DISMISS

Class has also submitted a motion styled in part as one to dismiss.  He advances contentions that this Court lacks subject matter jurisdiction for its lack of national citizenship, for its failure to register as a foreign agent, for its failure to disclose that it is a for-profit corporation and no longer a government entity, and for its failure to disclose that Class is an enemy of the state.  Class also asserts that the American and Federal Bar Associations are committing consumer fraud and

unfair trade practices, and the Court is doing so as well by not disqualifying the Associations' members from representing parties in this court.  He insists that the Consumer Protection Agency investigate his allegations.

This Court need take no cognizance in a criminal prosecution of a demand for an executive branch civil investigation of entities that are not parties to the criminal case.  Just as importantly, the allegations Class asserts about the Court's lack of jurisdiction are wholly bizarre and unsupported, thoroughly unworthy of having the parties or the Court expend any time or effort to pursue.  Accordingly, it is hereby

ORDERED that Class's motion challenging jurisdiction (received on June 9, 2014) and his motion to dismiss (received on July 14, 2014) be, and hereby are, DENIED.

SIGNED this 5th day of August, 2014.

_____/s/_____
RICHARD W. ROBERTS
Chief Judge