UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | |
| | : | **CRIMINAL NO. 13-00253 (RWR)** |
| **RODNEY CLASS,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE
(<u>DOCKET ENTRY NUMBER 105</u>)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files the following response to Defendant Rodney Class's Motion in Limine filed as docket entry number 105. The government is simultaneously filing a motion for leave to file the response late. Pursuant to the Court's Minute Order dated September 9, 2014, the government responds that it had responded earlier in the case to the claims contained in docket entry number 105, and that the Court should deny the motion.

Between January 3 and March 27, 2014, the defendant filed thirty-six pro se motions. On April 16, 2014, Judge Kessler issued a Memorandum Opinion and Order adjudicating most of the motions but construed some of them to make claims related to the Fourth and Fifth Amendments. As a result, the government filed on May 1, 2014, an Omnibus Response to Defendant's Motions Seeking Miscellaneous Relief, arguing, in part, that the defendant did not have his Fourth or Fifth Amendment rights violated either by search or seizure of his vehicle or through the May 30, 2013 communications between law enforcement and the defendant. <u>See</u> Omnibus Response at 16-21.

On June 11, 2014, the defendant filed his Motion in Limine that is docketed as number 105. It appears that the defendant contends that law enforcement interrogated him

improperly prior to his Miranda rights being read. The government assumes that the defendant would also contend that his Miranda rights were improperly read. It also appears he is asserting that the timing of the search of his vehicle is somehow unconstitutional. The government believes that these claims are properly addressed in the government's Omnibus Response, which addresses specifically his on-scene statements prior to being read his rights, see Omnibus Response at 18-19, his post-rights statements, see Omnibus Response at 19-20, and whether the search of his vehicle was proper, see Omnibus Response at 20-21. The government was asked to "show cause by September 15, 2014 why the motion [docket entry 105] should not be deemed conceded." The government views the Omnibus Response, which responded to similar arguments by the defendant, and filed before docket entry 105, to be fully responsive to docket entry 105.[1]

The government in reviewing its emails last week misread the Court's September 9, 2014 Order, but as soon as it reviewed the docket (after learning the defendant would not accept the plea offer), the government realized its mistake and is filing this response on September 18, 2014, three days after the Court's deadline. The government regrets the inconvenience but in light of the delay of trial while the defendant was deciding whether to accept a plea offer, is aware of absolutely no prejudice suffered by the defendant as the result of the three day delay in response.

---

[1] The defendant also appears to assert that a lack of signature on the warrant return is a "fatal flaw in the case and is a direct violation of the FRCrP Rules 3, 4 and 5 and is a 4th Amendment violation and has been done in direct violation of numerous codes under Titles 18 and 28." See docket entry Number 105 at 4. To the extent it is arguing a violation of a warrant requirement such as a failure of a signature on the search warrant return, if that is what the defendant is arguing, such a violation, if it occurred, would at best amount to a ministerial mistake that absent prejudice to the defendant fails to justify suppression. See United States v. Gerald, 5 F.3d 563, 567 (D.C. Cir. 1993) (holding a five month delay in returning a search warrant did not provide grounds for suppression of the evidence obtained through the warrant), cited by United States v. Burroughs, 882 F. Supp.2d 113 (D.D.C. 2012) (examining basis for suppression where officers returned warrant three months late, and made minor changes to the return over time and concluding that absent prejudice there was no basis for suppression).

Respectfully Submitted,

RONALD C. MACHEN JR.
United States Attorney
DC Bar #447-889


By: _____/s/_____
JEFF PEARLMAN
Assistant United States Attorney
DC Bar #466901
(202) 252-7228
Jeffrey.pearlman@usdoj.gov

3