



U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

November 6, 2014

A.J. Kramer
Federal Public Defender for the
District of Columbia
A._J._Kramer@fd.org

Rodney Class
432 North Lincoln Street
High Shoals, NC 28077

        Re:    United States v. Rodney Class
                   Criminal Case No. 13-253 (RBR)

Dear Mr. Class:

      This letter sets forth the full and complete plea offer to you from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer expires on November 10, 2014. If you accept the terms and conditions of this offer, please execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter referred to as "this Agreement"). The terms of the offer are as follows:

      1.    <u>Charges and Statutory Penalties</u>

      You have been charged with Possession of a Firearm on U.S. Capitol Grounds, in violation of 40 U.S.C. § 5104(e).

      You understand that a violation of this statute carries a maximum sentence of 5 years of imprisonment; a fine not to exceed $250,000; a term of supervised release of not more than 3 years; and an obligation to pay any applicable interest or penalties on fines not timely made.

      In addition, you agree to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia. You also understand that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Commission, *Guidelines Manual* (2013) (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."),

the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. Further, you understand that, if you have two or more convictions for a crime of violence or felony drug offense, you may be subject to the substantially higher penalties provided for in the career-offender statutes and provisions of the Sentencing Guidelines.

2. <u>Factual Stipulations</u>

You agree that the attached "Statement of Offense" fairly and accurately describes your actions and involvement in the offense to which you are pleading guilty. Please sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

3. <u>Additional Charges</u>

In consideration of your guilty plea to the above offense, you will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. This includes the prior charge of Carrying a Pistol, in violation of D.C. Code 22-4504(a), and the failure to appear for trial on October 27, 2014, in violation of 18 U.S.C. § 3146(a)(1).

4. <u>Sentencing Guidelines Analysis</u>

You understand that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the applicable guidelines and policies promulgated by the United States Sentencing Commission, *Guidelines Manual* (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties agree to the following:

A. Estimated Offense Level Under the Guidelines

You agree and will acknowledge at the time of the plea of guilty to the offense stated above that, pursuant to U.S.S.G. § 2K2.5, you are accountable for carrying and having readily accessible on capitol grounds firearms.

The parties agree that the following Sentencing Guidelines sections apply:

| | | |
|---|---|---|
| U.S.S.G. § 2K2.5 | Base Offense Level | 6 |
| U.S.S.G. § 3C1.1 | Obstructing or Impeding | 2 |
| | Total Offense Level | 8 |

Acceptance of Responsibility

The Government agrees that a 2-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1, provided that you clearly demonstrate acceptance of responsibility, to the satisfaction of

the Government, through your allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any agreement set forth above, should you move to withdraw your guilty plea after it is entered, or should it be determined by the Government that you have either (a) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Agreement.

In accordance with the above, the applicable Guidelines Offense Level will be at least 6.

    B.    Estimated Criminal History Category

Based upon the information now available to this Office (including the Pre-Plea Criminal History Calculation, you have a prior misdemeanor criminal conviction.

Accordingly, you are estimated to have 1 criminal history point and your Criminal History Category is estimated to be I. You acknowledge that if additional relevant convictions are discovered during the pre-sentence investigation by the United States Probation Office, your criminal history points may increase. Similarly, if the United States Probation Office determines that you have fewer convictions than estimated herein, your criminal history points may decrease.

    C.    Estimated Applicable Guidelines Range

Based upon the agreed total offense level and the estimated criminal history category set forth above, your estimated Sentencing Guidelines range is 0 months to 6 months (the "Estimated Guidelines Range"). In addition, the parties agree that, pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine, at Guidelines level 6, the estimated applicable fine range is $500 to $5,000. You reserve the right to ask the Court not to impose any applicable fine.

The parties agree that, solely for the purposes of calculating the applicable range under the Sentencing Guidelines, neither a downward nor upward departure from the Estimated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment to the Estimated Guidelines Range, nor will either party suggest that the Court consider such a departure or adjustment, except as provided in this plea letter. Moreover, you understand and acknowledge that the Estimated Guidelines Range agreed to by the parties is not binding on the Probation Office or the Court. Should the Court determine that a different guidelines range is applicable, you will not be permitted to withdraw your guilty plea on that basis, and the parties will still be bound by this Agreement.

You understand and acknowledge that the terms of this section apply only to conduct that occurred before the execution of this Agreement. Should you commit any conduct after the execution of this Agreement that would form the basis for an increase in your base offense level

or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or the Court), the Government is free under this Agreement to seek an increase in the base offense level based on that post-agreement conduct.

5. Agreement as to Sentencing Allocution

The parties further agree that a sentence within the Estimated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, you reserve the right to seek a sentence below the Estimated Guidelines Range based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a), and the Government ~~reserves the right to~~ will seek a sentence ~~above~~ [at the lower end] the Estimated Guidelines Range based on § 3553(a) factors.

**The defendant agrees that as a condition of probation that he may not bring a vehicle to or park on Capitol Grounds. The defendant also agrees that as a condition of probation he must notify the United States Capitol Police prior to visiting the Capitol Grounds.**

**The government agrees to cap its allocution to the lower end of the sentencing guideline range.**

6. Reservation of Allocution

The parties reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your misconduct, including any misconduct not described in the charges to which you are pleading guilty. The parties also reserve the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. In the event that the Court considers any Sentencing Guidelines adjustments, departures, or calculations different from any agreements contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court. In addition, if in this Agreement the parties have agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the parties reserve the right to full allocution in any post-sentence litigation. The parties retain the full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, you acknowledge that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7. Court Not Bound by this Agreement or the Sentencing Guidelines

You understand that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines. You further understand that

the sentence to be imposed is a matter solely within the discretion of the Court. You acknowledge that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. You understand that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court.

You acknowledge that your entry of a guilty plea to the charged offense authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence you will receive. Moreover, it is understood that you will have no right to withdraw your plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation. The parties will be bound by this Agreement, regardless of the sentence imposed by the Court. Any effort by you to withdraw the guilty plea because of the length of the sentence shall constitute a breach of this Agreement.

8.   Conditions of Release

The final decision regarding your bond status or detention will be made by the Court at the time of your plea of guilty. If the Court imposes lesser conditions than incarceration, the Government may move to change your conditions of release, including requesting that you be detained pending sentencing, if you engage in further criminal conduct prior to sentencing or if the Government obtains information that it did not possess at the time of your plea of guilty and that is relevant to whether you are likely to flee or pose a danger to any person or the community. You also agree that any violation of your release conditions or any misconduct may result in the Government filing an ex parte motion with the Court requesting that a bench warrant be issued for your arrest and that you be detained without bond while pending sentencing.

9.   Waivers

A.   Statute of Limitations

You agree that, should the conviction following your plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against you, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

B.   Trial Rights

You understand that by pleading guilty in this case you agree to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. You agree to forego

the right to any further discovery or disclosures of information not already provided at the time of the entry of your guilty plea. You also agree to waive, among other rights, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, you would have the right to be represented by counsel, to confront and cross-examine witnesses against you, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your behalf, and to choose whether to testify. If there were a jury trial and you chose not to testify at that trial, you would have the right to have the jury instructed that your failure to testify could not be held against you. You would further have the right to have the jury instructed that you are presumed innocent until proven guilty, and that the burden would be on the United States to prove your guilt beyond a reasonable doubt. If you were found guilty after a trial, you would have the right to appeal your conviction. You understand that the Fifth Amendment to the Constitution of the United States protects you from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, you knowingly and voluntarily waive or give up your right against self-incrimination.

You acknowledge discussions with A.J. Kramer concerning Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. You knowingly and voluntarily waive the rights that arise under these rules in the event you withdraw your guilty plea or withdraw from this Agreement after signing it.

You also agree to waive all constitutional and statutory rights to a speedy sentence and agree that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. You understand that the date for sentencing will be set by the Court.

      C.     Appeal Rights

You understand that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. You agree to waive the right to appeal the sentence in this case, including any term of imprisonment, fine, forfeiture, award of restitution, term of supervised release, authority of the Court to set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences you to above the statutory maximum or guidelines range determined by the Court, in which case you would have the right to appeal the illegal sentence or above-guidelines sentence, but not to raise on appeal other issues regarding the sentencing. In agreeing to this waiver, you are aware that your sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, you knowingly and willingly waive your right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

      D.     Collateral Attack

You also waive any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it

was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that you received ineffective assistance of counsel in entering into this Agreement or in connection with sentencing. You reserve the right to file a motion brought under 18 U.S.C. § 3582(c)(2).

### E. Privacy Act and FOIA Rights

You also agree to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including and without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

### 10. Breach of Agreement

You understand and agree that, if after entering this Agreement, you fails specifically to perform or to fulfill completely each and every one of your obligations under this Agreement, or engages in any criminal activity prior to sentencing, you will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) you will not have the right to withdraw the guilty plea; (c) you will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against you, directly and indirectly, in any criminal or civil proceeding, all statements made by you and any of the information or materials provided by you, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record" debriefings, and including your statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

You understand and agree that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit you to commit perjury, to make false statements or declarations, to obstruct justice, or to protect you from prosecution for any crimes not included within this Agreement or committed by you after the execution of this Agreement. You understand and agree that the Government reserves the right to prosecute you for any such offenses. You further understand that any perjury, false statements or declarations, or obstruction of justice relating to your obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, you will not be allowed to withdraw your guilty plea.

### 11. Property

The Government and your client hereby agree that the following items seized from you and your vehicle on May 30, 2013, and currently in the custody and/or control of the Metropolitan Police Department, were properly seized and were involved in or used in violation of federal law by the defendant:

A. Taurus .44 caliber gun with 7 rounds ammunition
B. Ruger 9mm pistol with magazine and 8 rounds ammunition
C. Henry .44 caliber gun with 11 rounds ammunition
D. Knives (14)
E. Switchblade
F. Axes (3)
G. .44 caliber ammo (155)
H. 9mm ammo (50)

Your client agrees that these items are subject to seizure by the United States, and that no defense exists to the seizure of this property by the United States. As such, the defendant hereby relinquishes all claim, title, and interest he has in the above referenced property to the United States and/or the District of Columbia and agrees not to oppose any civil, administrative, or judicial forfeiture of the property. Your client agrees to take any actions requested by this Office or the Metropolitan Police Department to transfer ownership of these items to the United States or the District of Columbia. Your client consents to both the destruction of these items and to their abandonment to the United States or the District of Columbia. Your client agrees that he will not file a claim to this property and withdraws any claim for the property that he may have filed. Your client knowingly and voluntarily waives any right to timely notice provided for in 18 U.S.C. 983. Your client certifies that he is the sole owner of the property listed above, and that no one else has an ownership interest in this property.

(b) The defendant agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to the seizure and destruction carried out in accordance with this plea agreement on any grounds.

12. Complete Agreement

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by you, defense counsel, and an Assistant United States Attorney for the District of Columbia.

You further understand that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against you.

If the foregoing terms and conditions are satisfactory, you may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than November 10, 2014.

Sincerely yours,

RONALD C. MACHEN JR.
United States Attorney

By: _____
Jeff Pearlman
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read every page of this Agreement and have discussed it with my stand by counsel, A.J. Kramer. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: 11.16.14    *(signature)* Rodney Class: RODNEY VOIAS:
Rodney Class
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with Rodney Class, for whom I am stand by counsel, and fully discussed the provisions of this Agreement with him. These pages accurately and completely set forth the entire Agreement. I concur in Mr. Class' desire to plead guilty as set forth in this Agreement.

Date: 11.16.14    *(signature)*
A.J. Kramer
Stand by Counsel for Rodney Class