UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CR NO. 13-253 (RWR) |
| ) | |
| RODNEY CLASS, ) | |
| ) | |
| Defendant. ) | |

**SENTENCING MEMORANDUM ON
BEHALF OF DEFENDANT**

Undersigned standby counsel for defendant Rodney Class, hereby submits this sentencing memorandum on his behalf.

**FACTS**

**A.    Introduction**

The Probation Officer has determined that the sentencing guidelines range in this case is 0-6 months. The government agrees with this calculation and has also agreed to recommend a sentence of probation (the bottom of the guidelines range). For the reasons discussed below, standby counsel respectfully requests that the court adopt the government's recommendation, and sentence Mr. Class to a term of probation.

Mr. Class is a 61-year-old man with a number of serious health problems, due to which he has been unable to work for almost 15 years. He receives a monthly disability check, as well as Social Security. He had previously worked in various jobs before the disabilities made it no longer feasible for him to work.

Mr. Class's wife, Sharon Class, suffers from even more physical problems, including

some very serious ones, as well as psychological problems. Mr. Class is instrumental in both caring for her, and taking her to numerous medical appointments.

### B. <u>Sentencing Factors</u>

In sentencing a criminal defendant, the court considers all of the factors set out in 18 U.S.C. § 3553(a):

1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. The goals of sentencing: punishment, deterrence, protection of the public, and rehabilitation of the defendant;
3. The kinds of sentences available;
4. The recommended sentence under the advisory guidelines;
5. Any pertinent United States Sentencing Commission policy statements;
6. The need to avoid "unwarranted" disparities among similar defendants; and
7. The need to provide restitution to victims.

*See* 18 U.S.C. § 3553(a); *Kimbrough v United States*, 552 U.S. 85, 102 (2007).

The court must begin a sentencing by calculating the correct guidelines range. Everyone agrees on the calculations in this case, which result in a range of 0-6 months, the lowest possible range under the guidelines system.

Mr. Class was arrested on September 3, 2013, after officers had observed items in his car, which was parked on the grounds of the Capitol. When Mr. Class returned to his car, he readily admitted to the officers guns were in the car and that the car and the items in it belonged to him. He was subsequently interviewed by the FBI at Capitol Police headquarters, and again admitted that it was his car and that the items in it belonged to him.

Furthermore, Mr. Class took the unusual step of testifying to the grand jury in this case. Once again, he admitted that the car was his and that the items in it belonged to him.

It is important to note that the area where Mr. Class parked had signs saying authorized

parking only, but there were no signs indicating that the property was part of the Capitol grounds.

Mr. Class had permits for all the guns. Thus, had he not parked on the grounds of the Capitol, he apparently would have committed no crime.

Mr. Class's prior involvement with the law results in no criminal history points, and puts him in the lowest criminal history category. With one exception, his prior record consists of traffic offenses. His only other conviction was for a gun charge for conduct over 13 years ago. He has no history of violence or use of a weapon.

Because of the conviction in the present case, Mr. Class will no longer be able to possess guns. He has also agreed to certain conditions regarding the Capitol grounds, if the court places him on probation.

Mr. Class has been on an ankle bracelet since his release from custody. While he did not appear for the originally scheduled trial, he took the unusual step of notifying authorities in advance. Moreover, it was simple for the Marshals to locate him, as he left the ankle bracelet attached.

There are no victims in this case, nor any restitution that is due. There are no known comparable cases, so sentencing disparity does not appear to be a consideration.

Under all the circumstances, a sentence of probation is the appropriate sentence in this case. Even offenders sentenced to probation, as noted by the Supreme Court, "are nonetheless subject to several standard conditions that substantially restrict their liberty." *Gall*, 552 U.S. at 48-49. See also, *United States v. Knights*, 543 U.S. 112, 119 (2001) ("Inherent in the very nature of probation is that probationers do not enjoy the absolute liberty to which every citizen is entitled.").

**CONCLUSION**

For all the above reasons, standby counsel respectfully requests that the court place Mr. Class on probation.

>Respectfully submitted,
>
>"/s/"
>
>A.J. Kramer
>FEDERAL PUBLIC DEFENDER
>625 Indiana Ave., N.W.
>Suite 550
>Washington, D.C.  20004
>(202) 208-7500