IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR No. 13-253-RWR-1 |
| | ) | |
| | ) | Washington, D.C. |
| vs. | ) | September 9, 2014 |
| | ) | 9:15 a.m. |
| RODNEY CLASS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

TRANSCRIPT OF STATUS HEARING
BEFORE THE HONORABLE RICHARD W. ROBERTS
UNITED STATES DISTRICT CHIEF JUDGE

APPEARANCES:

For the Government:        Jeffrey Pearlman
                           U.S. ATTORNEY'S OFFICE
                           FOR THE DISTRICT OF COLUMBIA
                           555 Fourth Street, NW
                           Washington, D.C. 20530
                           (202) 252-7228
                           jeffrey.pearlman@usdoj.gov

For the Defendant:         Rodney Class
                           P.O. Box 435
                           High Schoals, NC 28077
                           PRO SE

Standby Counsel
for the Defendant:         A.J. Kramer
                           FEDERAL PUBLIC DEFENDER
                           FOR THE DISTRICT OF COLUMBIA
                           625 Indiana Avenue, NW
                           Suite 550
                           Washington, D.C. 20004
                           (202) 208-7500
                           A._J._kramer@fd.org

APPEARANCES CONTINUED:

Court Reporter:                William P. Zaremba, RMR, CRR
                               Registered Merit Reporter
                               Certified Realtime Reporter
                               Official Court Reporter
                               U.S. District Court
                               for the District of Columbia
                               333 Constitution Avenue, NW
                               Room 6511
                               Washington, D.C. 20001
                               (202)354-3249
                               WilliamPZaremba@gmail.com


Proceedings recorded by mechanical stenography; transcript produced by computer-aided transcription

```
1                      P R O C E E D I N G S
2              DEPUTY CLERK:  Please be seated and come to order.
3              THE COURT:  Good morning.
4              DEPUTY CLERK:  Your Honor, this morning is the
5    matter of the United States versus Rodney Class.  This is
6    Criminal Record 13-253.
7              Present for the government is Assistant
8    Jeffrey Pearlman.
9              And present also is Rodney Class, acting as pro
10   se, along with A.J. Kramer.
11             THE COURT:  All right.  Good morning.
12             THE DEFENDANT:  Good morning, Your Honor.
13             THE COURT:  We have scheduled this for a status
14   hearing.  And I ordinarily go through a fairly long list of
15   questions before we proceed, but perhaps I should ask
16   government counsel if you have anything you want to bring me
17   up to date on, or standby counsel, the same thing.
18             THE DEFENDANT:  (Raises hand.)
19             THE COURT:  Mr. Class, I'll hear from counsel
20   first.  And if you want to speak, I'll be happy to let you
21   speak later after I hear from counsel.
22             THE DEFENDANT:  I have to be able to hear.
23   I'm deaf.
24             MR. KRAMER:  He can't hear well, Your Honor.
25             THE COURT:  All right.  Should I speak into the
```

1    microphone a little louder?  Does that help?
2                THE DEFENDANT:  Yes.
3                THE COURT:  Thank you very much.  I'll try to keep
4    my voice up.
5                Let me ask counsel to do the same thing.
6                THE DEFENDANT:  He just needs to speak up.  Speak
7    slow so I can hear and understand.
8                THE COURT:  I understand that, and I'll try to do
9    that for you.
10               THE DEFENDANT:  Okay.
11               MR. PEARLMAN:  Good morning, Judge.
12               THE COURT:  Come up to the microphone and speak as
13   loudly as you can.
14               MR. PEARLMAN:  Good morning, Judge.
15               THE COURT:  Mr. Class, can you hear him?
16               MR. PEARLMAN:  So we had actually met to confer
17   per Your Honor's order to come up with appropriate voir dire
18   and jury instructions.  And after that meeting, it was
19   communicated to me through Mr. Kramer that we might be able
20   to resolve this short of trial.
21               And as Your Honor is aware, I had a brief
22   conversation with Your Honor and Mr. Kramer at which it was
23   concluded that we should put off the trial date until
24   October and give the parties a chance to possibly reach a
25   disposition.  That's where we are.

1           There was a formal plea offer that went out to
2  Mr. Kramer, which I understand Mr. Class now has.  I think
3  he needs time to internalize it.  It contains a lot of the
4  boilerplate that a typical plea agreement contains.  So he's
5  going to need some time to deal with that.
6           I am hoping that we could, perhaps, set a status
7  date in a couple of weeks in order that we can determine,
8  once and for all, if this is something that the parties want
9  to go forward with or not.  And I want to have a chance to
10 talk with Mr. Class more and answer his questions.
11          But for purposes of the Court, I think just
12 setting another status date, an interim status date, would
13 be the appropriate thing at this time.  I think Mr. Kramer
14 would agree with that.
15          THE COURT:  All right.  Let me invite Mr. Kramer
16 to the podium, and I'll hear from you.  I'll also give
17 Mr. Class an opportunity to comment, if he wants to.
18          MR. KRAMER:  Thank you, Your Honor.
19          The government has accurately recapped, I think,
20 the events that led us to today.
21          Mr. Class, because he was driving up yesterday,
22 just received the plea offer this morning, so he hasn't had
23 a chance to read it.  I don't know that he needs to
24 internalize it.  I think he just needs to read it and have
25 an idea of what it says in -- I think I know that he has

1   questions about it as he goes along.  So obviously, he needs
2   time to look at it.
3           The government put a deadline of a week from today
4   on it.  I don't know if we'll be asking for another few days
5   or not, again, because he just hasn't had a chance to read
6   it yet.  So I don't have any problem with that status.
7           It is difficult for Mr. Class to get up here; and
8   I think that if Your Honor sets a status and that there are
9   no -- there isn't a resolution of the case, we could just
10  keep the current October 27th trial date and cancel the
11  status.  And if there is going to be a resolution, we could
12  do it on the day of the status.  So that's all I wanted,
13  really, I think.
14          THE COURT:  All right.  Before I invite Mr. Class
15  to come up, if he wants to, let me ask both counsel, I would
16  propose to set a status hearing on September 25th in the
17  morning.  Is that a date that would be available to
18  everyone?  If you would need an opportunity to consult with
19  Mr. Class, Mr. Kramer, feel free to do that.
20          MR. KRAMER:  Thank you, Your Honor.  That's a
21  Thursday?
22          THE COURT:  It is a Thursday.
23          MR. KRAMER:  Okay.
24          MR. PEARLMAN:  Your Honor, that's a religious
25  holiday that day.  Any other day that week would be fine.

1      THE COURT:  Friday, the 26th, I would be available
2  in the late morning, probably around noon.
3      MR. KRAMER:  That's fine, Your Honor, with
4  Mr. Class and myself.  So that's fine.
5      THE COURT:  I do want to confirm that the speedy
6  trial clock has stopped by consent in connection with the
7  prior motion and order that I issued.  Does either of you
8  dispute that?
9      MR. KRAMER:  No, Your Honor.  I had asked
10 Mr. Class about that, and I think I put the sections -- the
11 speedy trial sections in the motion I submitted for -- that
12 allow for just talks about a disposition of the case as well
13 as the interests of justice in setting a trial date at the
14 end of October.  And when I had discussed that with
15 Mr. Class, he had agreed that the speedy trial time could be
16 excluded from the calculation until the new trial date of
17 October -- I can't remember if it's the 27th, I think.
18     THE COURT:  That's what I have.
19     I also want to confirm that the government has
20 moved, I think, in motion No. 134, to dismiss Count 2 of the
21 charging document, and I believe that's an unopposed motion.
22 I should probably rule on that now while you are all here.
23     MR. PEARLMAN:  We have asked for that, Your Honor.
24     MR. KRAMER:  Your Honor, I believe, and I'll let
25 Mr. Class address this more, but it was -- I think it was

1   the government's motion to dismiss without prejudice, and I
2   think Mr. Class opposed it without prejudice and believed
3   that it should be dismissed with prejudice.  But I'll -- he
4   obviously -- and I think he filed a pleading on that issue,
5   so I think that's the only difference.
6           THE COURT:  All right.  What I propose to do,
7   then, is to set a status hearing on September 26th, 2014, at
8   12:00 noon.  I also propose to grant the government's motion
9   to dismiss Count 2 without prejudice.
10          Mr. Class, if you want to comment on those
11  proposals, let me invite you to the podium and you may
12  speak.  You do not have to speak, but I am going to give you
13  an opportunity to address those two points.
14          THE DEFENDANT:  Okay.  Thank you.
15          THE COURT:  The first one is that I'm going to set
16  this down for a status hearing on Friday, the 26th of
17  September, at 12:00 noon.
18          THE DEFENDANT:  All right.
19          THE COURT:  Is that acceptable to you?
20          THE DEFENDANT:  Yes, it is.
21          THE COURT:  And can you be here then?
22          THE DEFENDANT:  Yes.
23          THE COURT:  All right.  I'll hear you, then, if
24  you want to comment about my proposal to grant the
25  government's motion to dismiss Count 2 without prejudice.

1 You may have a moment, if you want to --

2        THE DEFENDANT: Yes.

3        THE COURT: -- to address that.

4        THE DEFENDANT: Yes, I would.

5        With the rulings that have come out of this Court

6 and Supreme Court on *Heller versus D.C.* and *McDonald versus

7 Chicago* and this *Palmer* case that came back and ruled that

8 the D.C. gun laws were unconstitutional. And for that short

9 time period in July the 25th, 26th, D.C. police were told to

10 stand down and not to arrest anybody who had a carry conceal

11 permit or their guns registered.

12        So the fact that the Supreme Court had ruled twice

13 and this Court has ruled that the D.C. law is

14 unconstitutional, to turn around and to have it dismissed

15 without prejudice, it can come back at later date,

16 Your Honor, unconstitutional means unconstitutional.

17 There should be no bringing it on the second time around.

18        On that same status, I did put a document in to

19 you of objecting also to this first charge because the D.C.

20 law was declared unconstitutional by the Supreme Court, and

21 by one of your subservients down below you has ruled this

22 unconstitutional, then D.C. on Capitol Hill ground ought to

23 be equally unconstitutional.

24        And we did bring up, under Title 18, Section 930,

25 firearms in federal facilities, that the facilities were not

1  posted as required by law; and, therefore, because they
2  wasn't posted, then it goes in and tells you under Title 18,
3  930, there cannot be a conviction on this.  This is part of
4  what we're looking at.  We're asking for a total dismissal.
5          But I'm also going to ask the Court if you will
6  take off the ankle bracelet since September of last year,
7  because that ankle bracelet was mostly, what, I don't know
8  what it was for, but the thing of it is, it hasn't stopped
9  me from filing paperwork in here, and I come up here to file
10 paperwork.  I can mail anything, and, Your Honor, you've
11 received my paperwork.  And this ankle bracelet hasn't
12 stopped me from filing paperwork yet.
13         THE COURT:  May I ask you?  The device that you're
14 wearing around your neck?  That appears to be a --
15         THE DEFENDANT:  That's for hearing.
16         THE COURT:  -- electronic device.
17         THE DEFENDANT:  That's for hearing.
18         THE COURT:  That's not your ankle bracelet, is it?
19         THE DEFENDANT:  (Indicating towards ankle
20 bracelet.)
21         THE COURT:  What is this device?
22         THE DEFENDANT:  This is for my hearing aids to
23 turn up the volume so I can hear.  And I've got it cranked
24 up all the way and I'm still having problems because I've
25 already been told I'm between 85 and 100 percent deaf on

1  levels of language.

2          THE COURT:  All right.  The issue about the ankle
3  bracelet, I think, might have been raised in previous
4  papers.  All I'm going to be ruling on at the moment is
5  setting a date for the status hearing and ruling on the
6  motion that was filed by the government that you have
7  addressed already about dismissing Count 2 without
8  prejudice.

9          One short thing I'll say to you is that the issue
10 about the ruling made earlier in this court, not by me but
11 in this court, about the constitutionality of the statute
12 that was involved in Count 2, is still going to be litigated
13 at higher levels.  We don't know whether the higher courts
14 will sustain that ruling, change the ruling, or overrule it.

15         If higher courts decide that my colleague who
16 issued the opinion was wrong completely or in some measure,
17 it could be that the government may have an opportunity to
18 re-bring that charge.  That is what is meant, essentially,
19 by dismissing without prejudice so that if a higher court
20 rules that my colleague was not correct, they would then be
21 in a position to re-bring the charge that they brought
22 earlier.

23         For that reason, I'm going to grant the
24 government's motion to dismiss Count 2 without prejudice,
25 but I will also go ahead and set this matter for a status

1  hearing on the 26th of September, 2014, at 12:00 noon.
2  I believe you have indicated through counsel that you can
3  come back on that date and time, correct?
4          THE DEFENDANT:  Correct.
5          THE COURT:  Is that correct?
6          THE DEFENDANT:  Correct.
7          THE COURT:  Given that, Counsel, is there anything
8  else we need to take up today?
9          MR. PEARLMAN:  Not from the government.
10         MR. KRAMER:  I don't think so, Your Honor.
11         THE COURT:  All right.
12         THE DEFENDANT:  (Hand raised.)
13         MR. PEARLMAN:  Not from the government.
14         THE DEFENDANT:  (Hand raised.)
15         MR. KRAMER:  Your Honor, I think Mr. Class --
16         THE DEFENDANT:  Is there any way I can file a
17 motion in to get this ankle bracelet in to you without
18 getting denied?
19         THE COURT:  Let me ask you this.  I believe there
20 may have been that issue raised in previous papers.  Is that
21 not right?
22         MR. KRAMER:  There is a -- I think that there is a
23 motion pending on that; that he has filed a motion on that
24 issue that I don't think has been ruled upon, Your Honor.
25         THE COURT:  Right.  I don't propose to rule on

1   that today.  Indeed, what I'm going to tell you is that
2   I'm going to continue you on your current conditions of
3   release and advise you that you are due to return back here
4   on September 26th, 2014, at 12:00 noon.
5            And if anyone from the Court or your attorney,
6   standby attorney, tells you that we're going to change that
7   date, you will be required to show up on the new date and
8   time.
9            And if you fail to appear in court as required,
10  that is a separate crime for which you could be prosecuted
11  and imprisoned if you were convicted of it.
12           I should also inform you that violating any
13  condition of any release could subject you to prosecution
14  for contempt of court.
15           And I should also advise you that committing a
16  crime while you are on release could subject you to more
17  severe punishment than you would have received for that
18  crime if you had not been under conditions of release.
19           Have you heard and understood what I said?
20           THE DEFENDANT:  Yeah, I have.
21           And can I ask something?
22           Can I get something more than just a 24-hours'
23  notice to show up here?  I just got my mail yesterday for me
24  to show up today.
25           THE COURT:  Well, you have certainly gotten more

```
 1  than 24-hours notice to show up on the 26th of September.
 2              THE DEFENDANT:  But if you change it --
 3              THE COURT:  If that date and time changes, we'll
 4  do the best we can to get that information to you, either by
 5  mail or through standby counsel.
 6              THE DEFENDANT:  Okay.
 7              THE COURT:  All right.
 8              THE DEFENDANT:  That'll work.
 9              THE COURT:  Anything else?
10              MR. KRAMER:  No, Your Honor.
11              THE COURT:  Anything else?
12              MR. PEARLMAN:  No, Your Honor.
13              THE COURT:  All right.  Thank you very much.
14  We'll see everybody back on September 26th, 2014, at 12:00
15  noon.  Thank you very much.  You may be excused.
16              (Proceedings concluded at 9:35 a.m.)
17
18
19
20
21
22
23
24
25
```

# C E R T I F I C A T E

      I, William P. Zaremba, RMR, CRR, certify that the foregoing is a correct transcript from the record of proceedings in the above-titled matter.

Date: November 6, 2015_____   /S/__William P. Zaremba_____

                                William P. Zaremba, RMR, CRR