United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

# No. 15-3015

September Term, 2015
FILED ON: JULY 5, 2016

UNITED STATES OF AMERICA,
    APPELLEE

v.

RODNEY CLASS,
    APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:13-cr-00253-1)

Before: GRIFFITH and SRINIVASAN, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*.

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties and oral arguments of counsel. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED and ADJUDGED** that the judgment of the district court be affirmed.

Appellant Rodney Class pleaded guilty in the district court to possession of a firearm on Capitol grounds in violation of 40 U.S.C. § 5104(e). Although the defendant appeared pro se at the time of the plea, he had previously been represented by appointed counsel and counsel had been discharged at his request, although the Federal Public Defender served as stand-by or advisory counsel. Despite his sometime lack of counsel, the plea followed extended motions practice and was memorialized in a plea agreement.

The district court conducted a full inquiry pursuant to Federal Rule of Criminal Procedure 11. That inquiry included the following exchange:

> THE COURT: If you went to trial and you were convicted, you would have a right to appeal your conviction to the Court of Appeals and to have a lawyer help you prepare your appeal. Do you understand that?
>
> [APPELLANT]: Yes.
>
> THE COURT: Do you know what I mean by your right to appeal?
>
> [APPELLANT]: Yeah. Take it to the next court up.
>
> THE COURT: All right.
>
> Now, by pleading guilty, you would be generally giving up your rights to appeal. Do you understand that?
>
> [APPELLANT]: Yes.
>
> THE COURT: Now, there are exceptions to that.
>
> You can appeal a conviction after a guilty plea if you believe that your guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in these guilty-plea proceedings.
>
> You may also have a right to appeal your sentence if you think the sentence is illegal. Do you understand those things?
>
> [APPELLANT]: Yeah. Pretty much.
>
> THE COURT: Now, if you plead guilty in this case and I accept your guilty plea, you'll give up all of the rights I just explained to you, aside from the exceptions that I mentioned, because there will not be any trial, and there will probably be no appeal. Do you understand that?
>
> [APPELLANT]: Yes.

Tr. of Plea Hearing at 16:2–17:4, *United States v. Class*, No. 13-253-RWR-1 (D.D.C. Nov. 21, 2014).

On appeal, Class attempts to assert three grounds of constitutional error and a further claim of statutory error. None of them are properly before us.

2

It is well-established law that "[u]nconditional guilty pleas that are knowing and intelligent . . . waive the pleading defendant['s] claims of error on appeal, even constitutional claims." *United States v. Delgado-Garcia*, 374 F.3d 1337, 1341 (D.C. Cir. 2004). Although the Federal Rules of Criminal Procedure provide for conditional pleas wherein a pleading defendant may "reserv[e] in writing the right to have an appellate court review an adverse determination of a specified pretrial motion," Fed. R. Crim. P. 11(a)(2), the defendant's plea in the present case contains no such reservation.

The plea agreement included an explicit waiver of appeal rights as to sentencing errors and collateral attacks on the conviction, but not as to alleged errors in the indictment or in proceedings before the sentencing. Appellant apparently believes that the lack of an explicit waiver permits him to proceed in the present appeal. He is in error. The holding from *Delgado-Garcia* quoted above reflects the universally-recognized law of the United States. *See, e.g., Tollett v. Henderson*, 411 U.S. 258, 266-68 (1973).

There are two recognized exceptions to this rule: "the defendant's claimed right not to be haled into court at all," and a claim "that the court below lacked subject-matter jurisdiction over the case . . . ." *Delgado-Garcia*, 374 F.3d at 1341 (citations and internal quotation marks omitted). Neither claimed exception applies here. We therefore affirm the judgment of the district court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**Per Curiam**

                                        **FOR THE COURT:**
                                        Mark J. Langer, Clerk

BY:   /s/
       Ken Meadows
       Deputy Clerk